**Charles S. EVERTS, M.D., Plaintiff,**

v.

**BOARD OF TRUSTEES OF SOUTH LINCOLN HOSPITAL DISTRICT, a hospital district organized pursuant to § 35–2–401, et seq., W.S.1977, namely Anthony Vehar, Dave Harvey, Martha Bertot, Ken Ferrin, David Kominsky, D.D.S., and Duane Ackerman, in their official capacities as members of the Board of Trustees, and Clair Morrison, individually and in his capacity as Administrator of the South Lincoln Hospital, Defendants.**

No. C84–0210–B.

United States District Court, D. Wyoming.

March 21, 1985.

James E. Fitzgerald, of James E. Fitzgerald, P.C., and Sheila J. Barton, Cheyenne, Wyo., for plaintiff.

Dan B. Riggs, and Jeffrey J. Gonda, of Lonabaugh & Riggs, Sheridan, Wyo., for defendant Morrison.

David D. Uchner, and Nick Kalokathis, of Lathrop & Uchner, P.C., Cheyenne, Wyo., for remaining defendants.

## ORDER ON POSTTRIAL MOTIONS

BRIMMER, District Judge.

This matter came on regularly for hearing before the Court. The Court has carefully reviewed the pleadings, considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

Defendants' Motions for Judgment Notwithstanding the Verdict will be denied because they have failed to establish grounds to disturb the jury's verdict in this matter.

Defendant South Lincoln Hospital District alleged, during the course of the final pretrial conference, that plaintiff could not recover treble damages from a local government entity under Section 4 of the Clayton Act, 15 U.S.C.A. § 15 (West Supp. 1984), or alternatively it urged the Court to exercise its discretion under the Local Government Antitrust Act of 1984, Pub.L. No. 98–544, 98 Stat. 2750 (10–24–84) not to award such remedy. The Court deferred ruling upon this issue until the verdict was received. After the jury returned a verdict awarding damages under plaintiff's antitrust theories, the Court notified counsel, and requested briefs be submitted upon this issue prior to the entry of judgment upon the jury's verdict.

The nature and scope of immunities for local government entities from liability under 15 U.S.C.A. § 15 (West Supp.1984) is an area lacking in clarity. The provisions were initially enacted in conjunction with the Sherman Antitrust Act, Ch. 647 § 7, 26 Stat. 209, 210 (1890). Such provision stated:

> Any person who shall be injured in his business or property by reason of anything forbidden or declared to be unlawful by this act may sue therefore ... and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorneys fee.

Section 8 of the Sherman Act, Ch. 647 § 8, 26 Stat. 209, 210 (1890) defined the terms "person" or "persons" as used in the Act, stating:

> That the word "person" or "persons" shall ... include corporations and associations existing under or authorized by ... the laws of any state....

The provisions of § 7 of the Sherman Act were reenacted without modification four years later. Ch. 349 § 77, 28 Stat. 509, 570 (1894).

Subsequently the Congress adopted the Clayton Antitrust Act, Ch. 323, §§ 1–26 38 Stat. 730–740 (1914). Section 1 of that Act defines the terms "person" or "persons" like the definition in § 8 of the Sherman Act. Section 4 of the Clayton Act contained civil action provisions parallel to

those contained in the original Sherman Act. However, it also provided remedies for any violation of "the antitrust laws" rather than limiting its effect to a specific enactment. The Clayton Act provision caused the Sherman Act provision to be unnecessary, and the Sherman Act provision was subsequently repealed. Pub.L. No. 84–137, 69 Stat. 282, 283 (1955). The Congress has twice amended Section 4 of the Clayton Act since that time to add provisions permitting the recovery of prejudgment interest under certain circumstances, but the operative language cited above was not substantially affected, and remains in effect today. Pub.L. No. 96–349, § 4(a)(1), 94 Stat. 1154, 1156 (1980); Pub.L. No. 97–393, 96 Stat. 1964 (1982).

Noticeably absent from the legislative history of these enactments is any specific reference to the potential liability of the local government entities for treble damages. Until recently many felt local government entities were immune from suit under such provisions. The specific applicability of these provisions to such entities apparently was not a matter of concern to the drafters. The United States Supreme Court, in *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) held that regulatory conduct of an officer of the State of California was not susceptible to antitrust suit, stating:

> We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a State or its officers or agents from activities directed by its legislature ... The Sherman Act makes no mention of the state as such, and gives no hint that it was intended to restrain state action or official action directed by a state.... There is no suggestion of a purpose to restrain state action in the Act's legislative history....

317 U.S. at pp. 350–351, 63 S.Ct. at p. 313. However, the Court went on to indicate that conduct of a state or local government agency undertaken in a proprietary capacity as a competitor in the market, rather than in a regulatory or administrative capacity, may be subject to suit under the

Federal antitrust laws. *Id.* at pp. 351–352, 63 S.Ct. at pp. 313–314.

Twenty-five years later the Court addressed the issue left undecided in *Parker v. Brown* concerning potential liability of local government entities under the Federal antitrust laws in *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). There the Court rejected the argument that local government entities enjoyed immunity from antitrust liability under the *Parker v. Brown* doctrine. It held that local government entities were subject to suit under Section 4 of the Clayton Act. The Court refused to address the issue of what remedies are available in private actions brought such provision against local government entities, stating:

> "[The fact that local government entities may be subject to suit under the Federal antitrust laws does not] necessarily require the conclusion that remedies appropriate to redress violations by private corporations would be equally appropriate for municipalities; nor need we decide any question of remedy in this case." (footnote omitted)

435 U.S. p. 402, 98 S.Ct. at p. 1131. The Court also stated:

> The question of remedy can arise only if the District Court, on the Court of Appeals remand, determines that petitioners' activities are prohibited by the antitrust laws.

*Id.* pp. 402–403, n. 22, 98 S.Ct. at p. 1131, n. 22.

The dissenting opinions noted that the language of Section 4 of the Clayton Act by use of "shall recover" is mandatory on its face, and leaves no room for maneuver to avoid the inherent result of the Court's decision, to subject local government entities to the risk of incurring liability for treble damages under the federal antitrust laws. *Id.,* pp. 440–441 and n. 30, 98 S.Ct. at pp. 1150–1151 and n. 30 (Stewart, J. dissenting), and pp. 441–443 and n. 2, 98 S.Ct. at pp. 1151–1152 and n. 2 (Blackmun, J. dissenting). The Court thus determined

that a local government entity may be subjected to suit under Section 4 of the Clayton Act, and that the language of that provision provides the Court with no discretion to award only actual damages, or to refuse to award damages altogether.

This issue was again presented to the Court in *Community Communications Co., Inc. v. City of Boulder*, 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982), which held that the municipal defendant could be subjected to an injunctive action under the Clayton Act notwithstanding the existence of a "Home Rule" statute enacted by the State of Colorado. Again, the Court refused to address the issue of remedies recoverable in an action against a local government entity, stating:

> ... we hold today only that the *Parker v. Brown* exemption was no bar on the District Court's grant of injunctive relief. This case's preliminary posture makes it unnecessary to consider other issues regarding the applicability of the antitrust laws in the context of suits by private litigants against governmental defendants.... Moreover, as in *City of Lafayette, supra* [435 U.S.] at 401–402 [98 S.Ct. at 1130–1131] we do not confront the issue of remedies appropriate against municipal officials.

However, the dissenting opinion in *City of Boulder* once again noted the difficulty presented by the mandatory language of Section 4 of the Clayton Act, stating:

> It will take a considerable feat of judicial gymnastics to conclude that municipalities are not subject to treble damages to compensate any person "injured in his business or property."

455 U.S. at p. 64 n. 2, 102 S.Ct. at p. 848 n. 2 (Rehnquist, J. dissenting, joined by O'Conner, J. and Burger, C.J.).

No subsequent cases in point have apparently been decided by the Supreme Court, and the Court has never squarely decided that local government entities may be subjected to liability for treble damages under the Federal antitrust laws. The only published opinion in point is *Grason Electric Co. v. Sacramento Municipal Utility Dist.*, 526 F.Supp. 276 (E.D.Cal.1981), where on a motion to strike, the municipal defendant requested the Court to limit the plaintiff's recovery to injunctive relief and to hold that municipal defendants are not subject to liability for treble damages under the Federal antitrust laws in light of the decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). The Court refused to do so, stating:

> The defendant's request ... amounts to nothing less than a request to amend Section 4 of the Clayton Act. In essence the Defendant invites the Court to read "shall" as "may". This invitation the Court must decline.
>
> ... The Court is bound by the mandatory language of Section 4, and by the fact that Section 4 is framed in terms of injured party rather than in terms of the injuring party.
>
> ... Although the discussion in *City of Newport* clearly has relevance to the contention urged by the defendant herein, it is not controlling. In *City of Newport*, the United States Supreme Court noted that Congress, in enacting 42 U.S.C. § 1983, intended to codify certain aspects of the common law as it then existed. A thorough and scholarly review of the common law established beyond preadventure that punitive damages were not recoverable from a municipality at common law. Accordingly, 42 U.S.C. § 1983 could not be read as authorizing punitive damages against a municipality.
>
> No such room for maneuver exists with respect to the Clayton Act. Section 4 implicitly mandates the award of treble damages without respect to the status or identity of the wrongdoer. This Court is without the power to rewrite Section 4 of the Clayton Act.

■ Substantial policy reasons tempt the Court to hold that treble damages may not be awarded under the Federal antitrust laws against a local government entity. These concerns were eloquently addressed by the Supreme Court in *City of Newport v. Fact Concerts, Inc., supra*, 453 U.S. at

263–264, 101 S.Ct. at 2757–2758. The legislative history accompanying the *Local Government Antitrust Act,* discussed below, indicates that the Congress never intended to subject local government entities to treble damage actions under the Federal antitrust laws. However, it having been determined that such entities are subject to private suits under Section 4 of the Clayton Act, this Court cannot avoid the mandatory language of that provision. The Court must hold that local government entities are subject to treble damage liability under 15 U.S.C.A. § 15 (West Supp.1984).

The question remains whether or not this Court should apply retroactively the provisions of the *Local Government Antitrust Act of 1984,* cited above. The original bills in Congress which ultimately led to the enactment of this law, were introduced in response to the Supreme Court's holdings in *City of Lafayette, supra,* and *City of Boulder, supra.* Both decisions were construed by the members of Congress and by other interested parties, as potentially subjecting local government entities to enormous liability for treble damages. While the legislative history recognizes the fact that the Supreme Court has never held that the treble damage provisions apply to such entities, still the statutory language left the courts no alternative but to impose treble damages when liability was established. *See generally,* 130 Cong.Rec. H12, 185–H12, 188 (10–11–1984); H.R.Rep. No. 965, 98th Cong., 2d Sess. 10–12, (1984), U.S.Code Cong. & Admin.News 1984, p. 4602. The relevant operative language states "Sec. 3.(a) No damages, interest on damages, costs or attorneys fees may be recovered under section 4 ... of the Clayton Act (15 U.S.C. 15 ...) from any local government ...". The bill was signed into law on October 24, 1984, and took effect retroactively to thirty days prior to the date of enactment, but, generally applies only prospectively. Subsection 3(b) states:

Subsection (a) shall not apply to cases commenced before the effective date of this Act unless the defendant establishes and the Court determines, in light of all the circumstances, including the stage of the litigation and the availability of alternative relief under the Clayton Act, that it would be inequitable not to apply this subsection to a pending case ...

Plaintiff filed this action 127 days prior to the effective date of the 1984 statute. Approximately 144 days after the effective date of the statute, the jury returned a verdict determining that defendant South Lincoln Hospital District violated the Sherman Act, and awarded $25,000 in actual damages. Plaintiff did not seek reinstatement, and injunctive relief under the Clayton Act will not remedy the challenged conduct.

The inquiry cannot end there, though, because the drafters clearly intended the courts to considered all relevant factors pertaining to the equities presented in any given case. *See generally* H.R.Rep. No. 965, *supra;* S.Rep. No. 593, 98th Cong., 2d Sess. (1984); H.R.Rep. No. 1158, 98th Cong., 2d Sess. (1984); 130 Cong.Rec. H8622–H8624, S13,574–S13,575, and H12,175–H12,189 (1984); Presidential Statement, 40 Weekly Comp.Pres.Doc. 43 (Oct. 24, 1984). By its express terms Section 3(b) seems to permit the Court only to apply the limiting provisions of Section 3(a), as written, to pending cases under appropriate circumstances, thereby restricting the plaintiff's recovery to injunctive relief. The degree of discretion granted the Courts to fashion an appropriate remedy in a given case is not discussed in detail in the Act, or in its legislative history. However, an enlightening colloquy appeared in the Record between Representative Erlenborn and Representative Sawyer, concerning the provisions of Subsection 3(b), as follows:

Mr. Erlenborn ... Can the gentlemen tell me, does that mean that the Court can look at the judgment which might be a judgment including treble damages and say: Well, that is too much, that would be too much of a burden. That would be inequitable.

But if it is only actual damages it would be equitable, and the Court would have the authority to change the judg-

ment to make it equitable, or would the court be able to reject or not to reject or not to reject just on the basis of the judgment as it stands?

Mr. Sawyer. The intention clearly was, when you get into an equitable thing, it gives the court the broad chancery powers of a court to do anything, including down to just converting it into injunctive relief or some other relief, but that was what was clearly intended by that and we came into full agreement with the Senate on the language that should go into the report ... 130 Cong. Rec. H12,185.

The initial bill introduced in the House, H.R. 6027, 98th Cong., 2d Sess. (1984) was to fully retroactive, except as to the provisions in the Clayton Act for costs and attorneys fees. *See* H.R.Rep. No. 965, *supra.* The reason for that provision was that several cases had been filed against local government entities following the Supreme Court's decisions in *City of Lafayette, supra,* and *City of Boulder, supra. Id.* The Senate bill, S.1578, 98th Cong., 2d Sess. (1984), contained the retroactivity provisions ultimately adopted by Congress. It constituted a compromise between competing interests of local government entities in avoiding treble damage liability and the interests of plaintiffs in obtaining redress after filing suits in reliance upon the then-current provisions of the Clayton Act, as construed by the Supreme Court. *See* S.Rep. No. 593, *supra.* The balance of equities between those competing interests should determine the ultimate outcome under Section 3(b).

Plaintiff filed this suit in reliance upon the current state of the law. The jury determined that he suffered actual damages in the amount of $25,000.00 as a result of defendant South Lincoln Hospital District's conduct in violation of the Federal antitrust laws. In equity, plaintiff should be permitted to recover that amount, and the local government entity should be required to pay such damages suffered as a result of its wrongful conduct. *Cf., City of Newport v. Fact Concerts, Inc., supra,* 453 U.S. 259–260, 101 S.Ct. 2755–2756.

■ However, the Court believes, under the circumstances presented in this case, that it would be inequitable not to apply the provisions of the 1984 Act, to the extent they permit the Court to fashion a remedy permitting an award of actual damages and to deny a request for the punitive trebled portion of damages. Trebled damages, when viewed in conjunction with the jury's award of $64,000.00 against the same defendant for breach of contract, and the cost to such defendant in defending this suit, as well as a potential award of attorneys fees award under federal laws,[1] could potentially endanger the financial viability of such defendant. More importantly, any award of treble damages would have to be paid out of tax revenues. It would have the effect of punishing the very taxpayers such remedy was designed to protect, while conversely having only doubtful deterrent effect upon the members of the Board of Trustees who caused such defendant to undertake the unlawful conduct. *Cf., City of Newport v. Fact Concerts, Inc., supra,* 453 U.S. 260–263, 101 S.Ct. 2756–2757. Since an award of actual damages, costs, and fees will fully compensate plaintiff for losses sustained as a result of such conduct the Court believes the equities favor defendant South Lincoln Hospital District. Only actual damages, costs, and fees will be awarded, pursuant to the provisions of Section 3(b) of the 1984 Local Government Antitrust Act.

---

1. Plaintiff may be entitled to recover attorneys fees against all defendants herein except defendant David Kominsky, under either 42 U.S.C. § 1983 or 15 U.S.C. § 15.